92 Wn.2d 402 (1979)
598 P.2d 387
PACIFIC FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent,
v.
THE STATE OF WASHINGTON, Appellant.
No. 45561.
The Supreme Court of Washington, En Banc.
August 2, 1979.
Slade Gorton, Attorney General, and Greg Montgomery, Assistant, for appellant.
John T. Piper, Donald S. Cooper, and Bogle & Gates, for respondent.
HICKS, J.
The Thurston County Superior Court reversed a decision by a divided Board of Tax Appeals and awarded plaintiff, Pacific First Federal Savings and Loan *403 Association (Pacific), a refund of a portion of the business and occupation (B&O) taxes it had paid. The State sought review in the Court of Appeals. Pacific's motion to transfer to this court was granted pursuant to RAP 4.2(a)(4). We affirm the trial court.
The basic facts do not appear to be in dispute. Pacific operates a savings and loan business in both Washington and Oregon. Its home office is located in Tacoma. During the time with which we are concerned, there were more branch offices in Washington than in Oregon, but the total amount of savings deposits was about equally divided between each state. Pacific's mortgage lending was also about evenly distributed between the two states. Federal regulations require Pacific to keep a certain percent of its savings deposits in liquid funds. Part of these funds can be utilized in short-term investments and still qualify as "liquid".
The act of investing Pacific's liquid funds occurred exclusively in Washington at the Tacoma home office. Deposits at the Washington and Oregon offices of the association supplied the liquid funds for investment, with the total amount divided approximately equally between the two states. The money was transmitted on a daily basis from the branch offices to Tacoma.
The invested funds produced income, taxable under RCW 82.04.090 of the Washington business and occupation tax act. Because half the liquid investment funds originated in Oregon, Pacific employed an apportionment formula provided under RCW 82.04.460. Accordingly, it reported and paid tax to the State of Washington on only one-half of the gross income derived from the liquid fund investments. Because the act of investing the funds occurred entirely in Washington, the State of Washington Department of Revenue (Department) declared that apportionment was inapplicable and it measured the tax by the total amount of liquid investment income. Following a Department audit and deficiency assessment, Pacific paid the demand and then brought this action for refund.
*404 The foundation of the statutory scheme of taxation at issue is RCW 82.04.220 which levies a B&O tax "for the act or privilege of engaging in business activities" in Washington. "Business" is defined in RCW 82.04.140 as "all activities engaged in with the object of gain, benefit, or advantage ... directly or indirectly." In general, the gross income of a financial business, such as Pacific, is taxed under the classification "services and other activities." RCW 82.04.290 states in part: "as to such persons the amount of tax on account of such activities shall be equal to the gross income of the business multiplied by the rate of one percent." RCW 82.04.460 allows multistate service-type businesses to apportion gross income. The relevant version of this apportionment statute provided in part:
Any person rendering services and maintaining places of business both within and without this state shall, for the purpose of computing tax liability under this chapter, apportion to this state that portion of his gross income which is derived from services rendered within this state.
(Italics ours.) Under this statute, the Department promulgated WAC 458-20-194 (Rule 194), which provides in part:
Persons engaged in a business taxable under the Service and Other Business Activities classification [RCW 82.04.290] and who maintain places of business both within and without this state which contribute to the performance of a service, shall apportion to this state that portion of gross income derived from services rendered by them in this state.
(Italics ours.) In 1975, the legislature indicated its concurrence with the Department's construction when it amended RCW 82.04.460 to expressly include the "contribution" criterion of Rule 194. Laws of 1975, 1st Ex. Sess., ch. 291.[1]
*405 It is not disputed that Pacific's liquid fund investment activity in Washington is subject to the state B&O tax under RCW 82.04.290 or that the legislature could use the gross proceeds of the liquid fund investment activity as the measure of the tax. The sole issue is the applicability of the apportionment statute, RCW 82.04.460. There appears to be no serious dispute as to the accuracy of the apportionment formula applied by Pacific, if apportionment is applicable. The Department's contention is simply that it is not applicable under the circumstances. Finally, the trial court entered a conclusion of law that the parties raised no question about the constitutionality of the statute or the regulation.[2] The sole issue is one of statutory construction, not the constitutional limits on the state's taxing power. There is no claim that the state's B&O tax exposes Pacific to double taxation in violation of due process protections nor has Pacific made any such argument to this court.
The Department's position is that it is merely assessing an excise tax for the privilege of engaging in a business activity in Washington and that it is applying its usual and ordinary admeasurement of that tax  the gross income of the business. Pacific, on the other hand, asserts that RCW 82.04.460 and Rule 194 authorize the apportionment method it used in reporting and paying its tax to the Department. Thus, it asserts it is entitled to a refund of the additional tax it paid following the Department's audit.
Pacific characterizes its operations as a "unitary" business consisting of three functions, all of which are interdependent. These functions are: (1) receiving and safekeeping deposits upon which interest is paid (deposit function); (2) *406 making home mortgage loans (mortgage investment function); and (3) making short-term investment of certain liquid funds (liquid investment function). In an unchallenged finding of fact, the trial court found these three functions to be integrated and interdependent to the extent that loss of any one would be fatal to the continued viability of Pacific. Although the liquid investment function is not independently self-sustaining, it does reduce Pacific's cost of maintaining the liquidity required by federal regulations.
RCW 82.04.460 applies to those service businesses that maintain places of business both within and without the state. Rule 194 states in part "which [places of business] contribute to the performance of a service ..." Pacific argues that it satisfies the requirement of the statute and the "contribute" criterion of the regulation. Viewing its three functions as components of a single entity, Pacific argues that its business is unified in an organic sense, thus the deposit and mortgage loan activities of the Oregon Branches "contribute" to the business activity (liquid fund investment) in Washington.
The basic position of Pacific is that the tax imposed under RCW 82.04.290 applies to entire businesses, not fragments thereof. It contends that the legislature did not intend a "unitary business" to be dissected into its component parts for purposes of state taxation. Under Pacific's interpretation, the tax incidence is the entire savings and loan business and not just one "splinter" of it. John H. Sellen Constr. Co. v. Department of Revenue, 87 Wn.2d 878, 558 P.2d 1342 (1976) is cited in support of its contentions.
Sellen involved nonfinancial businesses engaged in incidental investing of reserve funds. The court permitted a deduction of such investment income from the measurement of the B&O taxes under RCW 82.04.430(1). Since Pacific is a financial business, apparently it cites this case for an extension of the principle that the court will not isolate incidental investing by a business which is not primarily engaged in such activity. It is argued that as part of an *407 integrated business, the incidental investment of liquid funds should not be isolated. In any event, Pacific urges that even if its short-term investing is viewed in isolation, the apportionment statute applies. Its argument is that the legislature could not have intended to split the obtaining of the funds from their investment.
The Department relies on Dravo Corp. v. Tacoma, 80 Wn.2d 590, 496 P.2d 504 (1972), in support of its argument that: (1) short-term investing is a taxable event; (2) the taxable event occurred in Washington; and (3) therefore, its assessment of additional tax against Pacific was proper.
The Department contends that for purposes of the B&O tax it is common to "break down" the activities of a multistate business with interdependent functions. Thus, for tax purposes Pacific's investment function, occurring wholly in Washington, may be isolated from the deposit and loan functions, even though for practical purposes Pacific could not eliminate the investment function and continue to have a viable business. Further, the Department argues that Pacific's Oregon activity does not, in fact, contribute to the performance of the investment function, but contributes merely to the measure of the tax  the gross income produced by the short-term investing.
[1] The issue is placed sharply into focus when we consider Dravo, the only case construing RCW 82.04.460, albeit by analogy. The Dravo court upheld the action of the City of Tacoma in denying apportionment under an ordinance virtually identical to RCW 82.04.460. The case involved a challenge to the imposition of Tacoma's B&O tax on the gross receipts of a contract Dravo executed with the city. The contract was entered into in Tacoma, but performed entirely outside its boundaries. Dravo requested that the tax ordinance be declared unconstitutional, or alternatively, that the tax be apportioned under the apportionment provision.
In addressing the constitutional issue in Dravo, this court found that the making of the contract in the city was a sufficient nexus to satisfy constitutional requirements. *408 Regarding the apportionment challenge, the court stated at page 602:
Thus, under the statutory provision [RCW 82.04.460], apportionment is not applicable if the taxable incident or activity occurs entirely within the taxing jurisdiction.
The court held that Tacoma's apportionment ordinance applied only when the taxable incident or activity occurred both within and without the taxing jurisdiction. It found the incident of the tax to be the making of a contract with the city, which occurred entirely within the taxing jurisdiction. In light of the explicit taxing ordinance involved, such a result would appear compelled. Tacoma levied a tax "on the privilege of accepting and executing" a contract with the city, whether or not the business activities occurred within or without the city and whether or not the office or place of business was within or without the city. Tacoma ordinance No. 6.68.225. Dravo Corp. v. Tacoma, supra at 595. This explicit taxing section applied to persons doing business with the city and was separate from the general taxing section applying to business within the city. Thus, while Tacoma intended its specific ordinance language to control the general apportionment provision applicable to businesses in general, there is no comparable language to be interpreted in the instant case.
The State cites, inter alia, Fibreboard Paper Prods. Corp. v. State, 66 Wn.2d 87, 401 P.2d 623 (1965); Crown Zellerbach Corp. v. State, 53 Wn.2d 813, 328 P.2d 884 (1958); and Crown Zellerbach Corp. v. State, 45 Wn.2d 749, 278 P.2d 305 (1954) as analogous. We find the State's reliance on these cases which involve Washington manufacturing businesses that market products outside the state to be inapposite. First, unlike the tax on service businesses, there is no apportionment provision applicable to the tax on manufacturers. Secondly, the cases are addressed to a proposition of constitutional law, not statutory interpretation. The constitution may not require apportionment of gross income derived from out-of-state sales activities of a *409 manufacturer; however, our present concern is not with what the legislature is constitutionally required to do, but with what it intended to do.
Finally, we question the asserted analogy between the instant case and the manufacturing cases on the basis of their facts. A single business that engages in both manufacturing and marketing a product is not unified in the same sense as Pacific's savings and loan business. The short-term investment function at issue here would not be viable absent Pacific's deposit and loan functions.
[2] The Department's Rule 194 allows apportionment if an out-of-state office of a multistate business "contribute[s] to the performance of" the service which is taxed under RCW 82.04.290. If the word "contributes" is focused upon, the taxable incident does not occur entirely in Washington. In Dravo, the taxable incident  the privilege of entering a contract with the city  occurred entirely within Tacoma, the taxing jurisdiction. In the instant case, Pacific's Oregon branches "contribute" to the performance of the service (short-term investment) by supplying approximately one-half the funds employed. We hold that under RCW 82.04.460 Pacific is entitled to apportion its income from liquid fund investments. Absent a statutory definition, words of a statute must be accorded their usual and ordinary meaning. Publishers Forest Prods. Co. v. State, 81 Wn.2d 814, 505 P.2d 453 (1973). It is undisputed that Pacific is a "person rendering services" under the statute, and that its functions are integrated and interdependent. Further, as statutorily required, Pacific "maintains places of business both within and without this state", which "contribute to the performance of a service" as contemplated under Rule 194.
The Department also assigned error to the trial court's finding of fact No. 11 regarding the manner of apportioning the gross income from Pacific's investment activity. Apparently, the Department's objection to the finding is that it is irrelevant because the trial court should not have passed *410 beyond the threshold question of the propriety of apportionment. In light of our disposition of the case, the relevancy challenge is mooted.
Affirmed.
UTTER, C.J., ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, and WILLIAMS, JJ., and RYAN, J. Pro Tem., concur.
NOTES
[1] RCW 82.04.460(1) reads as follows:

"Any person rendering services taxable under RCW 82.04.290 and maintaining places of business both within and without this state which contribute to the rendition of such services shall, for the purpose of computing tax liability under RCW 82.04.290, apportion to this state that portion of his gross income which is derived from services rendered within this state. Where such apportionment cannot be accurately made by separate accounting methods, the taxpayer shall apportion to this state that proportion of his total income which the cost of doing business within the state bears to the total cost of doing business both within and without the state."
[2] The Department did assign error to the conclusion of law stating, inter alia, that the parties raised no constitutional issues; however, the Department's objections are not directed to this portion of the trial court's conclusion.